Cases number 18-2016, NeXtGen Biologics, Inc. v. Axolotl Biologics, Inc. Mr. Bitz. Thank you, Your Honors. May it please the Court. In approximately November 2017, I, as counsel for NeXtGen, read a rule in a particular fashion as being permissive for a response to a motion to dismiss. Naturally, if I were to do this all again, I would do it differently, but that's not the matter at hand here. What transpired was that the TTAB subsequently dismissed the opposition with prejudice. And I've looked high and low and have not found any statutory regulatory basis for dismissal with prejudice under these circumstances. I have found case law from this Court in response to a PTAB decision in a similar situation where the dismissal with prejudice was vacated. So essentially, the issue I think that is before the Court here and that I'm asking the Court to review is whether or not the TTAB, as a matter of essentially a per se rule, when a motion to dismiss is filed and not responded to, that the opposition is then dismissed with prejudice. I think this is particularly important as a matter of practice. I'm probably not the first attorney to have read the rule a certain way. And given that the case law from this Court indicates that there are circumstances under which a dismissed opposition will subsequently bar a cancellation proceeding, essentially what I have is a situation where my client is being punished for perhaps a misreading of the rules by its attorney. So is your understanding that if the motion to dismiss had instead been labeled opposition brief, that that would have eliminated this dismissal? I'm not sure I quite understand your question, Your Honor. If you could please just restate it. I'm just trying to understand, because there was an opposition filed and then there was an objection. Correct. Which was filed in the form of a motion. Correct. And no further response. That's correct. I did not respond to that motion to dismiss. I'm willing to go through for the Court the reason why I didn't respond in my reading of the rules. And I think there are several rules that are at play here, all of which seem to indicate to me that under the circumstances it was permissive to not file a response to the motion to dismiss. Of course, the Board's decision is subject to an abuse of discretion standard. That is my understanding, Your Honor. Now, if the dismissal hadn't been with prejudice, would you be disputing that? No. Actually, I think the rules are permissive for the opposition to have been dismissed. Under those circumstances, had it not been with prejudice, we could have either elected to file a subsequent opposition or waited to a much later date to file a cancellation proceedings. Under the present circumstances, let's assume I had correctly responded to the motion to dismiss, and for some reason the Court had then found lack of standing. Under the rules, as far as I can tell, that would not have attracted a dismissal with prejudice. That would have gotten us further than this case has even seen. There's been no discussion at all of whether there was actually standing. There was no discussion about whether any of the other reasons that were provided for the opposition being filed as to why this would be a not good thing to go to registration. None of that has been litigated. So none of the merits of the case have been decided here. Well, what are the criteria for determining whether it should be with prejudice or without? I think you put your finger on the issue, Your Honor, because I've looked for those criteria and I've not found them. I have some cases that I can cite where there was a dismissal without prejudice and there were dismissals with prejudice. But in terms of a clear defining line as to when the TTAB is going to dismiss with prejudice or without, it looks like they're applying a per se rule, which is really the basis for me. But is that also subject to an abuse of discretion? My contention, Your Honor, is that if the TTAB... In other words, their rule is when a party fails to file a brief in response to a motion, the board may treat the motion as conceded. Well, that's on the merits, isn't it? And isn't that where without prejudice, with prejudice comes in? It's decided on the merits. I understand the point you're making. First of all, the rule is permissive, so it may do that. There's no requirement that it do that, so it's really a matter of practice at the TTAB that seems to be that they issue dismissals with prejudice as a per se rule, which is the point at hand here, as I feel that that is an abuse of discretion. When I look at the additional rules that came into play in Rule 503.02, it essentially says that had I filed a response to the motion to dismiss, it's clearly instructed that one is not to put on the record proofs at that point. So essentially all of the issues that were raised in the original opposition were disputed by the opponent, by the registrant or the applicant. And the rules further indicate that actually the TTAB has an obligation in order to do justice to decide whether or not on the pleadings the motion should be granted or not. And I didn't see any of that happening. All I received was the motion is granted and the opposition is dismissed with prejudice. So literally under the circumstances I feel that there's a lack of clarity in the rules, such that someone as myself could have misunderstood and misread it. And then compounded with that, and this is really one of the, what I'm asking the court to provide here is an indication of the need to clarify those rules. And in addition, under the current circumstances, whether or not under the present circumstances, a subsequent cancellation proceeding would be barred. But if the same issues had been presented, not in a motion but in a brief, and were not responded to, they would still be deemed conceded, would they not? Again, I believe it is permissive for the TTAB to have treated the matter as conceded. But it's not obligatory. And when I look at the situation in the PTAB area, it was clearly held by this court that issuing a dismissal with prejudice, when none of the matters had been litigated, would not be with prejudice. Generally, the other... If they're conceded, you're concerned that the, I gather, the prejudice would carry over to any subsequent cancellation proceeding? That's my concern. Well, we really can't answer that, can we? I beg your pardon? That'd be advisory. Well, it would impact on the merits of what my client can do in the future. So it's a decision currently that would have a later effect. I don't think that makes it advisory. It forecloses a direction that under the law my client would otherwise have had I filed a response to the motion to dismiss. You're asking for advice. Not so much advice. I'm asking for clear indication whether under the circumstances we would, whether the rules properly construed, one, required the dismissal with prejudice, and two, whether under those circumstances there would be a foreclosure of a subsequent cancellation proceeding. And the case law at the moment does not seem to be 100% clear on that. Okay. We'll save the rest of your time for rebuttal. Thank you. Mr. Moodermullen. Good morning, Your Honors. William Moodermullen on behalf of the appellee axolotl. The issue in this case is whether the TTAB had power to enforce its rule requiring the filing of an opposition brief. It's permissive. It says may. The rule that I'm referring to was clear and unconditional, a brief in response to motion shall be filed within 20 days. So there isn't any conditional aspect about the requirement to file a brief. The may comes in later when it says, and if you don't file the brief, they may treat the motion as conceded. That's what happened here, and that's what they normally do. They'll treat motions as conceded if there's not an opposition filed to them. The motion itself was a response to what could have been provided by a brief, in which case this interesting question might not have arisen. Well, the motion was a motion to dismiss, and so obviously you make a motion to dismiss because you don't think the claim that's pled in the complaint is adequate to stand up to scrutiny. You make a motion to dismiss. You want to get the case resolved then. You don't want to have it postponed. Wasn't that a response? They filed an opposition, so wasn't the motion a response to the opposition? No, there was no opposition filed. We filed the motion to dismiss, and nothing was filed. After the time had passed, the TTAB then entered an order dismissing the case with prejudice, and at that point— Sorry, you said no opposition was filed? No opposition was filed. Then how could you move to dismiss the opposition? We didn't move to dismiss the—I'm sorry, maybe the terminology is wrong. An opposition proceeding was filed with a complaint. Yes. And we moved to dismiss that. There was no response filed to the motion, and so the TTAB then, pursuant to its rule, dismissed the proceeding, treating the motion as conceded. But how about the prejudice? The rule doesn't say with prejudice. The motion was a motion to dismiss the proceeding altogether, so it was inherent in the motion that that was a dismissal with prejudice. We weren't seeking to postpone, you know, the issue down the road to a cancellation proceeding. We felt that we wanted to test the case right at the outset. So you're saying the concession is on the merits, justifying the dismissal with prejudice. Yes. We were seeking to dismiss the matter on the merits as not being properly pled. And I think you're right that the response that's being asked for is an advisory opinion, but we feel that it's the same cause of action in a cancellation proceeding as an opposition. The same issues would be raised, and we think that's dispositive on those grounds. And that's not before us. I agree that it's probably not before you, but it's been argued. Do you see that the board had an obligation to explain why it was with prejudice as opposed to without? I don't think so, Your Honor. I think that when a motion was made to dismiss, their practice is to dismiss with prejudice. There's a number of cases cited in our brief, and that's exactly what they do, because that's what the motion seeks, so that resolves it. If it had been without prejudice, there would have been hardly any point in making the motion, because then you're just going to have to litigate the issues at a later stage. Your Honor pointed out that the standard review here is abuse of discretion. I don't think there's been any effort, really, to show an abuse of discretion. The contention is that they were applying a per se rule. It was perfectly clear from reading the rules that they had the option, and they frequently did treat the motions as conceded if there was no opposition brief filed. And so that was the TTAB's prerogative to set up a motion procedure and insist on people participating in it. They made clear in their cases that they don't want to act as an advocate for the party. They do want the party to tell them what's wrong with the motion if the party doesn't want it conceded. Most importantly, they want the party to participate by opposing motions that they don't want to be resolved. Otherwise, the TTAB has to consider those motions on the merits, even though there hasn't been any opposition filed. And we suggest that accordingly there's no abuse of the discretion that the court had and which followed its rules the way it normally does. So unless Your Honors have further questions. Any more questions? Okay, thank you. Thank you, Your Honor.  Mr. Benson, you have a few minutes in rebuttal. Thank you, Your Honor. I'd like to point out to the court that there's another rule in the TBMP 50303, which essentially says that in response to a motion to dismiss, if no amended complaint is filed after a motion to dismiss, the board generally will permit the opponent to file an amended plea. Is that a rebuttal or is that a new issue? It's a rebuttal in the sense that I had indicated in my initial argument that there are a number of inconsistencies between the rules and essentially what the learned counsel on the other side has indicated is that there should be a concession on the merits. If that's the case, then why do the rules permit for a situation where if there is no amended complaint after a motion to dismiss, the board generally allows the opponent to file an amended pleading, which didn't occur in this case. I think that's it. Thank you. Thank you. Okay, thank you. Thank you both. The case is taken under submission.